[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James E. Beckman, age 38 and the defendant, LaRue Clemens Beckman, age 35, whose maiden name was LaRue Edith Clemens, were married on October 9, 1994 in Roxbury, Connecticut. This is the second marriage for the plaintiff whose first wife died in September 1992, and the first marriage for the defendant. There is one minor child issue of the marriage, Cassandra Beckman born February 20, 1996. The plaintiff has two children by his first marriage, Michelle, age 11 and Jamie, age 8.
The parties met in April, 1994, commenced living together in July and married in October, 1994. It is apparent that the plaintiff was grieving over the loss of his first wife when the parties married. Difficulties arose almost immediately and they sought counselling after a month of marriage. There were conflicts over the plaintiffs' two daughters. Mrs. Beckman wanted to be called "Mom" and to adopt the two girls. Mr. Beckman resisted both requests. There were arguments and displays of temper on the part of each party.
Mrs. Beckman left the marital home in July 1995. Just before leaving, she learned that she was pregnant. Mr. Beckman did not want a child and urged his wife to have an abortion. She refused and he informed her that he would file for divorce and provide her with no support during her pregnancy. It is apparent that the pregnancy was the final straw leading to the breakdown of the marriage. While there was evidence of arguments and occasional fits of temper, the primary cause of the breakdown was Mr. Beckman's attachment to his first wife's memory and what he termed as the parties coming from "two different worlds."
While the marriage is broken down irretrievably, the court CT Page 5370-A cannot assess particular fault on either party. Had the courtship been longer, had the parties resolved the defendant's relationship with the plaintiff's children before marriage, the breakdown might well have been avoided. Mrs. Beckman was attentive to the children and devoted her best efforts to their well being.
The plaintiff is a high school graduate and is self employed as a welder in his own business. He earns approximately $1,500.00 per week. In 1995 the profit from his business was $74,517.00 with $15,003.00 being taken for depreciation. The defendant is a college graduate with a master's degree in education. In 1995 her gross income was $35,500.00 but her affidavit now shows weekly income of $832.00 or $43,264.00 per year. Mr. Beckman has a retirement plan valued at $51,000 and an IRA of $3,000.00. He also has a savings account valued at $15,000.00. Mrs. Beckman has a retirement account of $18,117.00 and a TSA of $9,530.00. She also has savings of $1,000.00.
Prior to the marriage, the plaintiff owned property on Malory Road in Roxbury. This property was sold in January 1995 for $255,000.00 and $50,000.00 was put into property on Berry Road. The plaintiff placed one-half of the title to this property in the name of the defendant who had contributed $28,000.00 to the construction of the property. The parties have stipulated that Berry Road has a value of $375,000.00 with a mortgage of $138,000.00 and a total equity of $247,000.00. The plaintiff seeks to pay the defendant $23,000.00 for her equity in the property while she seeks $122,500.00.
Based upon the evidence and the standards set forth in General Statute Sec. 46b-81, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. Custody of the minor child Cassandra Beckman to the defendant with reasonable visitation to the plaintiff on reasonable notice to the defendant.
3. Support in the amount of $150.00 per week for the benefit of the minor child. The plaintiff to provide a life insurance policy on his life for the benefit of the child. CT Page 5370-B
4. The defendant shall provide medical insurance for the benefit of the minor child as available through her place of employment any reasonable and necessary unreimbursed medical, dental, optical and psychiatric expenses shall be shared equally by the parties, provided that orthodontia is recommended by the child's general dentist and psychiatric treatment or therapy is recommended by the child's pediatrician. In the event medical insurance is not available through the defendant's place of employment, then the appropriate health insurance for the benefit of the minor child will be provided by the parties, sharing the cost for such coverage equally.
5. The defendant shall transfer by quit claim deed her undivided one half interest in the property located at 55 Berry Road, Roxbury in consideration of $45,000.00, payable $10,000.00 at the closing, and a mortgage of $30,000.00 payable over five years, without interest except in the event of a default, then at the rate of 10% per year. Said mortgage is payable at the monthly rate of $500.00; $250.00 to be paid on or before the fifth day of each month and $250.00 to be paid on or before the twentieth day of each month, commencing October, 1996. The plaintiff is given credit for the $5,000.00 payment given to the defendant at the time of separation. The plaintiff shall hold the defendant harmless for all payments due for the mortgage and taxes.
6. A. The defendant shall keep exclusively her teacher's retirement pension and her tax deferred savings account, and the plaintiff shall waive any claim thereto.
B. The plaintiff shall keep exclusively his retirement plan and IRA and the defendant shall waive any claim thereto.
7. The defendant may take a change of name to LaRue Edith Clemens.
PICKETT, J. CT Page 5370-C